Rollins, J.
On March 31, 1941 the defendant issued to the plaintiff, an insurance policy, with a rider attached thereto.
This is an action of contract to recover certain benefits claimed to be due under the terms of the policy and rider.
At the trial there was evidence tending to show the following facts:
In August, 1943, when the policy and rider were in full force and effect, the plaintiff was pregnant and confined to a hospital. It was found that she could not deliver a child naturally and a Caesarian operation was performed upon her.
The cost of this operation was $116.
The defendant paid the plaintiff the sum of $48.33, which it was agreed was the amount due under the policy and *182 rider, for hospital and incidental expenses, but refused to pay anything for the operation.
The only question raised by the record is whether or not, by the terms of the policy and rider, the defendant is obliged to pay for the operation.
The plaintiff seasonably filed four requests for rulings which are as follows:
“l. If the Court finds that the Plaintiff was confined and treated within a hospital by reason of pregnancy, childbirth or miscarriage, and that the policy issued to the said Plaintiff by the Defendant, was in continuous force and effect for not less than ten consecutive months immediately preceding the commencement of such hospital confinement and treatment, then the Plaintiff is entitled to recover the amount as set forth in her Declaration, under the provisions of the Hospital Indemnity Rider, Section 2 attached to the said policy.
2. If the Court finds that the Plaintiff incurred expense as the result of confinement and treatment within a hospital by reason of pregnancy, childbirth or miscarriage, then the Plaintiff is entitled to recover under Items #1 and #2 of Part I of the said policy.
3. The Court is warranted in finding as a matter of law that said Hospital Indemnity Rider attached to said policy is made part of the Schedule of Operations entitling the Plaintiff to recover a reasonable charge for surgical operation in connection with the Plaintiff’s pregnancy.
4. On all the evidence and pleadings, the Court is warranted in finding for the Plaintiff.”
Upon these requests the Court ruled as follows:
“ 1. Denied. I find that the plaintiff ‘was confined and treated within a hospital by reason of pregnancy, childbirth or miscarriage and that the policy issued to the said plaintiff by the defendant, was in continuous *183 force and effect for not less than ten consecutive months immediately preceding the commencement of such hospital confinement and treatment,’ and that defendant sent plaintiff Draft No. 748722 in the sum of forty-eight dollars and thirty-three ($48.33) which I find to he full payment of indemnity for hospital expense under policy No. 1039199 issued to the plaintiff.
2. Granted as to item #1 of Part I. Denied as to item #2 of Part 1.
3. Denied. I find that the ‘Maternity and Female Disease Hospital Indemnity Rider’ is a part of policy No. 1039199 and subject to all of the definitions, conditions and provisions of said policy not inconsistent therewith. That said rider refers to Part 1, Item 1, only. I further find that the surgical operation performed by the plaintiff is not one named in the Schedule of Operations endorsed on the policy. I therefore find for the Defendant.”
The 'Court found for the defendant.
It will be noted that the trial judge took no action upon the plaintiff’s fourth request. Since this request was not acted upon it was, in effect, denied. Genelly vs. Perry, Inc., 1 Appellate Div. Reports 109, 111.
The plaintiff is not entitled to a review of the denial of the fourth request since it was for a ruling “upon all the evidence,” in a case admitting of specifications of the grounds upon which the request was based, and no such grounds were specified. Rules of District Courts, Rule 27. Whether the plaintiff is entitled to recover for the operation, and whether the Court acted correctly upon the plaintiff’s first three requests, depends upon the meaning and interpretation to be placed upon the policy and rider, which together form one contract.
The policy promised to pay, under Part I, Item 1, for certain hospital expenses, if the plaintiff were confined to *184 a hospital, and, under Part 1, Item 2 for certain surgical operations, whether or not the plaintiff was confined to a hospital. The operations for which the defendant agreed to pay, and the amount which it agreed to pay for each such operation is set forth in the policy under “Schedule of Operations.”
The only operation there listed which could possibly include or cover the Caeserian operation is “cutting into the abdomen for diagnosis or treatment of organs therein, $76.”
The main policy expressly excluded the recovery for any loss resulting from pregnancy or childbirth, (Policy Part IV (3)).
The rider, however, provided:
“(2) In the event the insured shall be confined and treated within a hospital by reason of pregnancy, childbirth or miscarriage, the Company will pay the expense actually incurred by the insured for the period of such confinement and treatment, not to exceed ten days, at the rate written in Item 1 of Part 1 of the policy: provided the policy shall have been in continuous effect for not less than ten consecutive months immediately preceding the commencement of such hospital confinement and treatment.”
The plaintiff contends that ‘ ‘ the Hospital Rider refers you to the main policy and contained therein is found under schedule of operations, the precise section applicable to this case, namely, abdomen cutting — that is cutting into ■the abdominal cavity etc., as found in the policy. The plaintiff contends that a Caeserian birth is the cutting into the abdominal cavity as provided in the main policy.”
These contentions are not sound.
*185 We find that the only agreement of the Company, so far as pregnancy and childbirth is concerned, is to pay the Hospital and incidental expense actually incurred at the rate written in Part 1 Item 1 of the Policy which is as follows: Part 1 Item 1 — Hospital expense.
(a) $100 per month for Hospital Board and Room expense.
(b) $15 for Anaesthetic, Laboratory, Operating Room, X-ray Examination and Ambulance Service Expense.
The Company did not agree to pay any operation.
In reaching this conclusion we are influenced by the facts that the rider is entitled “Maternity Hospital Indemnity Rider”, not “Maternity Hospital and Surgical Operation Rider”, and that the rider agrees to pay “the expense actually incurred ... at the rate written in Item 1 of Part 1 of the policy” and not “the expenses written in Items 1 and 2 (Surgical Operation) of Part 1 of the policy.” Nowhere in the rider is “surgical operation” or Item 2 of Part 1 mentioned.
We believe that the fair meaning* of the agreements contained in the policy and rider is that the Company, in case of childbirth shall pay the Hospital and certain incidental expenses but shall not pay for any operation.
Moreover, we find that the Caeserian operation is not an operation described in the Schedule of Operations as “cutting into the abdominal cavity for diagnosis or treatment of organs therein.”
The Caeserian operation was not for diagnosis. It was known before such operation that the plaintiff was pregnant. It was not for treatment of the organs within the abdominal cavity. It was for delivery of a child within the abdominal cavity.
*186 The plaintiff further contends that she is entitled to recover here in an action of tort for deceit because of alleged false representations by an agent of the defendant.
As to'this contention it is enough to say that this is not an action of tort, that the declaration sets up no such ground for recovery, that there is no evidence in the record relating to such alleged false representations or deceit nor any request for rulings relevant thereto.
The rulings of the trial judge on the requests were correct. There was no prejudicial error. The Order must be, Report dismissed.